IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00269-CR

 

Andrew Crawford,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-216-C

 



DISSENTING Opinion










 

          The determination of what constitutes
a civil appeal versus a criminal appeal is, for the lack of a better
description, a mess.  This is not the case in which I will endeavor to sort it
out.  But Crawford has a valid complaint; and if this is not a civil appeal,
based upon the majority ruling, where does he go to get relief?  Would Crawford
file a petition for writ of mandamus against the trial court to compel the
trial court to withdraw the order?

The Problem

          In the trial court’s original
judgment, costs were assessed at $198.00 according to the “Attached Bill of
Cost.”  The original judgment was signed on February 4, 2004.  Appeal was
waived.  No appeal was attempted.

          On July 28, 2006, the trial court
signed an “Order,” which starts as follows:

GREETINGS:

 

          THE ABOVE named Texas Department of
Criminal Justice Institutional Division has of this date been assessed court
costs, fees and/or fines in the District Court of McLennan County, Texas, as
above entitled.  Thereby, court costs, fees and/or fines have been incurred as
represented in the certified Bill of Costs attached hereto in the amount of $1,142.00.

 

THE COURT ORDERS that payment be made out of the
offender’s Inmate Trust Account as follows:

 

There was no certified Bill of Costs attached to
the order.  The order then instructs the Department regarding the measure and
procedure by which to take money from Crawford’s inmate account and concludes
as follows:

THE COURT ENTERS THIS ORDER pursuant to Government
Code, Section 501.014, on this 28 day of JULY, 2006.

 

          Because this order expressly states it
is entered pursuant to Government Code section 501.014, to there I went to see
what support for it I could find.  I found that the court could order payment
to either the court or another person, but I did not find any authority for the
court making the order to modify the amount of costs assessed against a
defendant in a judgment that was otherwise final.

          Based upon correspondence to the
district clerk, which is in the clerk’s record, it is clear that Crawford is
complaining about the amount that has been ordered paid from his account as
court costs, rather than the procedure by which it is going to be taken. 
Having pled guilty and waived the appeal of a judgment in which only $198.00
was assessed as costs, and now having had that amount increased to $1,142.00, I
too would be looking for a way to appeal.  The trial court clerk’s response to
Crawford references a bill of cost.  The bill of cost referred to by the clerk
is not part of the record.  Further, the letter states that the county is
authorized “to garnish your Inmate Trust Fund.”   If this is a garnishment
proceeding, it has more of the characteristics of an action to collect on a
judgment—that makes it seem more like a civil proceeding.

          It appears to me, based upon the
clerk’s record that has been filed, that the July 28, 2006 order is essentially
a nunc pro tunc order, adding in to the original costs the attorney and
investigator fees.  Because the trial court has essentially granted this
modification of the judgment, it appears to me that the defendant would have
the right to appeal.  

          After the entry of the plea bargain,
the entry of judgment based on that plea bargain, and waiver of the right to
appeal that judgment, the trial court has changed the judgment.

          I would have the trial court complete
a certification of the right of appeal for this post-waiver, nunc pro tunc
order, and proceed to address the merits of whether the trial court can, at
this late date, increase the judgment for costs from $198.00 to $1,142.00.  

Because the majority dismisses this appeal for
want of jurisdiction, I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed December 20, 2006

Publish